IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAY P. BAER, et al.,                :

    Plaintiffs,                 :

v.                                  :   Civil Action No. GLR-13-2374

GMAC MORTGAGE, LLC, et al.,         :

    Defendants.                 :

**MEMORANDUM OPINION**

THIS MATTER arises under common law negligence and fraud principles for an alleged unlawful removal of two homeowners from their residence and the alleged diminution of the value of their home that occurred while it was vacant. Pending before the Court is Defendants', GMAC Mortgage, LLC and Ocwen Loan Servicing, LLC (collectively, "Defendants"),[1] Motion to Dismiss Counts II and III and to Strike Plaintiffs' Demands for Attorneys' Fees. (ECF No. 9). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.9 (D.Md. 2011). For the reasons outlined below, Defendants' Motion will be granted in part and denied in part.

---

[1] On October 17, 2013, Defendant GMAC Mortgage, LLC filed a Notice of Bankruptcy and Effect of Automatic Stay. (ECF No. 16). After conferring with counsel on October 22, 2013, the Court stayed the matter as to GMAC Mortgage, LLC and the parties agreed to proceed with Ocwen Loan Servicing, LLC as the sole defendant. (See ECF No. 18). Notwithstanding this development, the Court will continue to refer to the Defendants collectively throughout this Opinion.

## I. BACKGROUND[2]

Plaintiffs Jay P. Baer and Karen L. Baer (the "Baers") own a home located in Westminster, Maryland that is subject to a mortgage serviced by Defendants. In 2008, the Baers defaulted on their mortgage and, in April 2009, Defendants allegedly instructed the Baers to vacate the premises and proceeded to change the locks on their home. According to the Baers, Defendants informed them that they could not remain in the home "despite the fact that [the Baers] still owned the home, and foreclosure or other legal proceedings had not been initiated." (Compl. ¶ 9, ECF No. 2). At the time of departure, the Baers' home was allegedly in near perfect condition and in a state of good repair. The Baers had to lease another residence due to Defendants' actions.

Over three years later, in October 2012, Defendants permitted the Baers to re-enter their home after informing them that they may be eligible, and/or apply, for a loan modification. Upon re-entry, the Baers discovered the home suffered severe damage due to the Defendants' alleged neglect, which included negligently allowing "squatters" to occupy the home and contribute to the damage. As a result of Defendants'

---

[2] Unless otherwise noted, the following facts are taken from the Complaint and are viewed in a light most favorable to the Plaintiffs. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

actions, the Baers have incurred, and will continue to incur, costly repairs and renovations to remedy the damage.

On July 1, 2013, the Baers filed suit against the Defendants in the Circuit Court for Carroll County, Maryland. The three-count Complaint alleges negligence, fraudulent misrepresentation, and negligent misrepresentation. In addition to compensatory damages, the Baers seek reasonable attorneys' fees and punitive damages in the amount of $250,000 for Count II. On August 14, 2013, Defendants removed the case to this Court. (ECF No. 1). Defendants filed the pending Motion to Dismiss on August 21, 2013.

**II. DISCUSSION**

**A. Motion to Dismiss**

**1. Standard of Review**

Defendants move to dismiss Counts II and III of the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. Hall v. St. Mary's Seminary & Univ., 608 F.Supp.2d 679, 684 (D.Md. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (citations omitted). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the court may take judicial notice of matters of public record. Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

**2. Analysis**

The Court will grant Defendants' Motion to Dismiss Count II because the Baers fail to plead an element of their fraudulent misrepresentation claim, but will deny the Motion as to Count III because the Baers have pled a plausible claim for negligent misrepresentation.

As a preliminary matter, the two counts at issue in this Motion involve an alleged misrepresentation, be it fraudulent or negligent, regarding the Baers' need to vacate their home in April 2009. Defendants primarily focus on the question of whether foreclosure proceedings were actually pending at the time they were required to vacate. In support of their argument, Defendants provided a state court docket sheet indicating that the substitute trustees instituted foreclosure proceedings against the Baers on July 15, 2008. (See Defs.'

4

Mot. to Dismiss Ex. 1, Tab C, at 49, 51,[3] ECF No. 9-2). Although this document belies the Baers' allegations regarding the lack of foreclosure proceedings at the time they vacated their home, it does not automatically warrant dismissal. The pivotal inquiry is whether the alleged misrepresentation regarding the need for the Baers to vacate their home is inextricably linked to the existence of the foreclosure proceedings. The Court finds that it is not.

In their Complaint, the Baers allege that when the Defendants informed them that they had to vacate the premises, they "were told by the Defendants that they did not have the option of remaining in the home, despite the fact that the Plaintiffs still owned the home, and foreclosure or other legal proceedings had not been initiated." (Compl. ¶ 9). In Counts II and III, the Baers make it clear that the alleged misrepresentation was that they had to vacate the home, not that foreclosure proceedings had been initiated. (Compl. ¶¶ 18, 25). Furthermore, the question of whether Defendants' instruction to vacate was a misrepresentation still remains regardless of whether foreclosure proceedings were indeed initiated as it is not axiomatic that the initiation of a foreclosure proceeding immediately compels an owner to vacate his or her home. Therefore, the existence of the foreclosure proceeding at the

---

[3] All citations to the record reflect CM ECF pagination.

time the Baers vacated their home is not dispositive to this Motion.

### a. Fraudulent Misrepresentation (Count II)

The Court will grant Defendants' Motion to Dismiss Count II because the Baers fail to allege a plausible intent to deceive under Rule 8 of the Federal Rules of Civil Procedure.

To successfully allege fraudulent misrepresentation, the Baers must show that (1) the defendants made a false representation to the plaintiffs; (2) its falsity was either known to the defendants or that the representation was made with reckless indifference to its truth; (3) the misrepresentation was made for the purpose of defrauding the plaintiffs; (4) the plaintiffs relied on the misrepresentation and had the right to rely on it; and (5) the plaintiffs suffered compensable injury resulting from the misrepresentation. Nails v. S&R, Inc., 639 A.2d 660, 668 (Md. 1994). Defendants argue that the Baers fail to allege the third element, intent to deceive, in their Complaint. Defendants also argue that the Baers fail to plead their fraudulent misrepresentation claim with the requisite particularity, as required by Rule 9(b). Specifically, Defendants aver that the Baers' allegations regarding their intent are conclusory, and that they fail to "identify who supposedly made the misleading statement(s) or what Defendants

purportedly obtained by defrauding Plaintiffs." (Defs.' Mot. to Dismiss 5). The Court agrees.

Defendants correctly note that the Baers' fraud claim is subject to the heightened pleading standard of Rule 9(b), which requires them to "state with particularity the circumstances constituting fraud or mistake." Under this standard, the Baers must plead facts regarding "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted). Rule 9(b), however, permits the Baers to plead Defendants' intent generally as long as the underlying facts meet the ordinary plausibility standard. See Fed.R.Civ.P. 9(b); Mayfield v. Nat'l Assoc. for Stock Car Auto Racing, Inc., 674 F.3d 369, 377-78 (4th Cir. 2012). As to Defendants' intent to deceive, the Baers fail to meet even the ordinary plausibility standard inherent in Rule 8. The Baers solely allege that "Defendants' misrepresentation was intentional and made with the intent to deceive the Plaintiffs." (Compl. ¶ 19). These allegations are conclusory and insufficient under Twombly and Iqbal.

As a result, Defendants' Motion to Dismiss Count II will be granted.

### b. Negligent Misrepresentation (Count III)

The Court will deny Defendants' Motion to Dismiss Count III because striking the Baers' allegations regarding the initiation of foreclosure proceedings has little bearing on the sufficiency of the allegation.

To successfully plead negligent misrepresentation in Maryland a plaintiff must show five elements: (1) the defendant, owing a duty of care to the plaintiff, negligently asserted a false statement; (2) the defendant intended that his statement would be acted upon by the plaintiff; (3) the defendant had knowledge that the plaintiff would probably rely on the statement, which, if erroneous, would cause loss or injury; (4) the plaintiff, justifiably, took action in reliance on the statement; and (5) the plaintiff suffered damage proximately caused by the defendant's negligence. Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 781 (citing Golstein v. Miles, 859 A.2d 313, 332 (Md.Ct.Spec.App. 2004) (internal alterations omitted)).

Defendants argue that Count III should be dismissed because it is premised upon the Baers' assertions that foreclosure proceedings had not been initiated at the time of the alleged misrepresentation. According to Defendants, the Baers are judicially estopped from making this allegation because they acknowledged the existence of the foreclosure proceedings in

previous proceedings. As noted above, however, the alleged misrepresentation is not solely premised upon the pendency of the foreclosure proceedings, but upon the statement that compelled the Baers to vacate their home.[4] Foreclosure proceedings aside, the Baers have adequately alleged that Defendants negligently misrepresented their need to vacate the home.

Defendants also argue that disregarding the Baers' claims regarding the foreclosure proceedings "renders the allegations in Count III (Negligent Misrepresentation) substantially the same as those made in Count I (Negligence)." (Defs.' Mot. to Dismiss 9). The Court disagrees. Count III is premised upon the alleged misrepresentation that induced the Baers to vacate their home and rent a residence elsewhere. (Compl. ¶¶ 24-30). The primary focus of Count III is Defendants' alleged statements to the Baers regarding their need to vacate the home. See <u>Village of Cross Keys, Inc. v. U.S. Gypsum Co.</u>, 556 A.2d 1126, 1132 (Md. 1989) (noting that negligent misrepresentation involves loss that is caused by the breach of a "duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his

---

[4] Paragraph twenty-six specifically states: "[t]he Defendants knew or should have known that the Plaintiffs were not required to vacate their home, when foreclosure or other legal proceedings had not yet been initiated." (Compl. ¶ 26).

economic affairs . . . ." (quoting <u>United States v. Neustadt</u>, 366 U.S. 696, 706 (1961)). Conversely, Count I is premised upon the negligence the Defendants exhibited by allegedly allowing the Baers' home to fall into disrepair. (<u>See</u> Compl. ¶¶ 12-16). The focus of Count I is Defendants' alleged negligent conduct. <u>See</u> <u>Cross Keys</u>, 556 A.2d at 1132 (noting "where the plaintiff would have a cause of action based on the underlying negligence independent of the misrepresentation, that cause of action survives and is not merged into the later misrepresentation").

Accordingly, Defendants' Motion to Dismiss Count III will be denied.

**B.** **<u>Motion to Strike</u>**

Defendants also move to strike the Baers' demand for attorneys' fees pursuant to Rule 12(f), which enables a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."[5] This Motion will be granted.

Defendants correctly note that Maryland follows the "American rule," which requires each party to bear its own costs regardless of the outcome. This rule is subject to four exceptions: (1) the parties to a contract have an agreement that allows recovery; (2) there is a statute that allows the

---

[5] The Court notes that the proper request may have been for Defendants to seek dismissal of the attorneys' fees. Nonetheless, the Court will address the issue under a Motion to Strike.

imposition of such fees; (3) a defendant's wrongful conduct forces a plaintiff into litigation with a third party; or (4) a plaintiff is forced to defend against malicious prosecution. Thomas v. Gladstone, 874 A.2d 434, 437 (Md. 2005). None of the aforementioned exceptions apply to this case.

As a result, Defendants' Motion to Strike Plaintiffs' Demands for Attorneys' Fees will be granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts II and III, and to Strike Plaintiffs' Demands for Attorneys' Fees is GRANTED IN PART and DENIED IN PART. The Court GRANTS Defendants' Motion to Dismiss Count II and to Strike Plaintiffs' Demands for Attorneys' Fees, but DENIES Defendants' Motion to Dismiss Count III. A separate Order follows.

Entered 5th day of November, 2013

                                /s/
                        George L. Russell, III
                        United States District Judge